**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21178

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK
### CENTRAL ISLIP DIVISION

|  |  |
|---|---|
| Eric R. Ford, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Consumer Adjustment Company, Inc. and DNF Associates, LLC, | |
| Defendants. | |

Plaintiff Eric R. Ford, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants Consumer Adjustment Company, Inc. and DNF Associates, LLC as follows:

### INTRODUCTION

1.    This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3.      This court has jurisdiction over defendants Consumer Adjustment Company, Inc. and DNF Associates, LLC because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

4.      Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5.      Plaintiff Eric R. Ford ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Nassau County, New York.

6.      Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7.      Defendant Consumer Adjustment Company, Inc. is a company existing under the laws of the State of Missouri, with its principal place of business in St. Louis, Missouri.

8.      Consumer Adjustment Company, Inc. has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9.      Consumer Adjustment Company, Inc. regularly collects or attempts to collect debts asserted to be owed to others.

10.     Consumer Adjustment Company, Inc. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Consumer Adjustment Company, Inc.'s business is the collection of such debts.

12.     Consumer Adjustment Company, Inc. uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13.     Consumer Adjustment Company, Inc. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     Defendant DNF Associates, LLC is a company existing under the laws of the State

of New York, with its principal place of business in New York, New York.

15.    DNF Associates, LLC has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16.    DNF Associates, LLC regularly collects or attempts to collect debts asserted to be owed to others.

17.    DNF Associates, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.    The principal purpose of DNF Associates, LLC's business is the collection of such debts.

19.    DNF Associates, LLC uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20.    DNF Associates, LLC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21.    The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22.    Defendants allege Plaintiff owes $833.81 to DNF Associates, LLC ("the alleged Debt").

23.    Plaintiff did not owe $833.81 ("the Claimed Amount") to DNF Associates, LLC.

24.    Plaintiff did not owe money to DNF Associates, LLC.

25.    Plaintiff was never indebted to DNF Associates, LLC.

26.    Plaintiff did not owe the alleged Debt to DNF Associates, LLC.

27.    DNF Associates, LLC never offered to extend credit to Plaintiff.

28.    DNF Associates, LLC never extended credit to Plaintiff.

29.    Plaintiff was never involved in any transaction with DNF Associates, LLC.

30.    Plaintiff never entered into any contract with DNF Associates, LLC.

31.    Plaintiff never did any business with DNF Associates, LLC.

32.    Plaintiff was never advised by anyone that the alleged Debt was sold to DNF Associates, LLC.

33.    Plaintiff was never advised by anyone that the alleged Debt was assigned to DNF Associates, LLC.

34.    Plaintiff was never advised by anyone that the alleged Debt was transferred DNF Associates, LLC.

35.    Plaintiff was never advised by anyone that the alleged Debt was acquired by DNF Associates, LLC.

36.    Plaintiff was never advised by DNF Associates, LLC that the alleged Debt was sold to it.

37.    Plaintiff was never advised by DNF Associates, LLC that the alleged Debt was assigned to it.

38.    Plaintiff was never advised by DNF Associates, LLC that the alleged Debt was transferred to it.

39.    Plaintiff was never advised by DNF Associates, LLC that the alleged Debt was acquired by it.

40.    DNF Associates, LLC is a stranger to Plaintiff.

41.    Upon information and belief, DNF Associates, LLC does not possess competent

4

proof that any entity assigned to it all of that entity's interest in the alleged Debt.

42.    Upon information and belief, DNF Associates, LLC does not possess competent proof that any entity assigned to it the right to any proceeds from the alleged Debt.

43.    Upon information and belief, DNF Associates, LLC does not possess competent business records concerning the alleged Debt from any entity that owned the alleged Debt.

44.    Upon information and belief, DNF Associates, LLC does not possess personal knowledge of the facts set forth in any business records concerning the alleged Debt received from any entity that owned the alleged Debt.

45.    Upon information and belief, DNF Associates, LLC does not possess any credit agreement between Plaintiff and any entity that owned the alleged Debt.

46.    Upon information and belief, DNF Associates, LLC does not possess any competent proof that Plaintiff agreed to pay the alleged Debt.

47.    Upon information and belief, DNF Associates, LLC does not possess any competent proof that Plaintiff is obligated to pay the alleged Debt.

48.    Upon information and belief, DNF Associates, LLC does not possess any competent proof that Plaintiff owed the Claimed Amount at the time DNF Associates, LLC ostensibly acquired the alleged Debt.

49.    Upon information and belief, DNF Associates, LLC does not possess any competent proof that the Claimed Amount was accurate at the time DNF Associates, LLC ostensibly acquired the alleged Debt.

50.    Upon information and belief, DNF Associates, LLC  holds no legal right, title or interest in any debt Plaintiff allegedly owed.

51.    The alleged Debt does not arise from any business enterprise of Plaintiff.

52.    The alleged Debt does not arise from any business enterprise of Plaintiff.

53.    The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

54.    At an exact time known only to Defendants, DNF Associates, LLC decided to hire Consumer Adjustment Company, Inc. to attempt to collect the alleged Debt on DNF Associates, LLC's behalf.

55.    As part of its utilization of Consumer Adjustment Company, Inc., DNF Associates, LLC conveyed information regarding the alleged Debt to Consumer Adjustment Company, Inc.

56.    The information conveyed by DNF Associates, LLC to Consumer Adjustment Company, Inc. included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

57.    DNF Associates, LLC's conveyance of the information regarding the alleged Debt to Consumer Adjustment Company, Inc. is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

58.    At the time the alleged Debt was assigned or otherwise transferred to Consumer Adjustment Company, Inc. for collection, the alleged Debt was in default.

59.    In its efforts to collect the alleged Debt, Consumer Adjustment Company, Inc. decided to contact Plaintiff by written correspondence.

60.    Rather than preparing and mailing such written correspondence to Plaintiff on its own, Consumer Adjustment Company, Inc. decided to utilize a third-party vendor to perform such activities on its behalf.

61.    As part of its utilization of the third-party vendor, Consumer Adjustment Company, Inc. conveyed information regarding the alleged Debt to the third-party vendor.

62.     The information conveyed by Consumer Adjustment Company, Inc. to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

63.     Consumer Adjustment Company, Inc.'s conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

64.     The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Consumer Adjustment Company, Inc.'s direction.

65.     That correspondence, dated August 21, 2020, was received, and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1.**")

66.     The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

67.     The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

**FIRST COUNT**
**As to DNF Associates, LLC**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

68.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

69.     15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

70.    Consumer Adjustment Company, Inc. does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

71.    Plaintiff never consented to DNF Associates, LLC's communication with Consumer Adjustment Company, Inc. concerning the alleged Debt.

72.    Plaintiff never consented to DNF Associates, LLC's communication with Consumer Adjustment Company, Inc. concerning Plaintiff's personal and/or confidential information.

73.    Plaintiff never consented to DNF Associates, LLC's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

74.    Upon information and belief, DNF Associates, LLC has utilized Consumer Adjustment Company, Inc. for these purposes thousands of times.

75.    DNF Associates, LLC utilizes Consumer Adjustment Company, Inc. in this regard for the sole purpose of maximizing its profits.

76.    DNF Associates, LLC utilizes Consumer Adjustment Company, Inc. without regard to the propriety and privacy of the information which it discloses to Consumer Adjustment Company, Inc.

77.    DNF Associates, LLC utilizes Consumer Adjustment Company, Inc. with reckless disregard for the harm to Plaintiff and other consumers that could result from DNF Associates, LLC's unauthorized disclosure of such private and sensitive information.

78.    DNF Associates, LLC violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to Consumer Adjustment Company, Inc.

79.    15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

8

80.     The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

81.     DNF Associates, LLC disclosed Plaintiff's private and sensitive information to Consumer Adjustment Company, Inc.

82.     DNF Associates, LLC violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to Consumer Adjustment Company, Inc.

83.     For the foregoing reasons, DNF Associates, LLC violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

**SECOND COUNT**
**As to Consumer Adjustment Company, Inc.**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

84.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

85.     15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

86.     The third-party vendor utilized by Consumer Adjustment Company, Inc. does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

87.     Plaintiff never consented to Consumer Adjustment Company, Inc.'s communication with the third-party vendor concerning the alleged Debt.

88.     Plaintiff never consented to Consumer Adjustment Company, Inc.'s communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

89. Plaintiff never consented to Consumer Adjustment Company, Inc.'s communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

90. Upon information and belief, Consumer Adjustment Company, Inc. has utilized the third-party vendor for these purposes thousands of times.

91. Consumer Adjustment Company, Inc. utilizes the third-party vendor in this regard for the sole purpose of maximizing its profits.

92. Consumer Adjustment Company, Inc. utilizes the third-party vendor without regard to the propriety and privacy of the information which it discloses to the third-party vendor.

93. Consumer Adjustment Company, Inc. utilizes the third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Consumer Adjustment Company, Inc.'s unauthorized disclosure of such private and sensitive information.

94. Consumer Adjustment Company, Inc. violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

95. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

96. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

97. Consumer Adjustment Company, Inc. disclosed Plaintiff's private and sensitive information to the third-party vendor.

98. Consumer Adjustment Company, Inc. violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

99. For the foregoing reasons, Consumer Adjustment Company, Inc. violated 15 U.S.C.

§§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## THIRD COUNT
### As to Both Defendants
### Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)

100.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

101.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

102.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

103.     To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

104.     A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

105.     As set forth in paragraphs 22 through 50 of this Complaint, Plaintiff did not owe the Claimed Amount.

106.     As such, Defendants did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

107.     In sum, Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

108.     As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

109.     To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the

11

debt.

110.    A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

111.    As set forth in paragraphs 22 through 50 of this Complaint, Plaintiff did not owe money to DNF Associates, LLC.

112.    As such, Defendants did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

113.    In sum, Defendants' statement that DNF Associates, LLC was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to DNF Associates, LLC, violates 15 U.S.C. § 1692g(a)(2).

114.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2) and are liable to Plaintiff therefor.

## FOURTH COUNT
### As to Both Defendants
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

115.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

116.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

117.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

118.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

119.    An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

120.    An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

121.    As set forth in paragraphs 22 through 50 of this Complaint, Plaintiff did not owe the Claimed Amount.

122.    As set forth in paragraphs 22 through 50 of this Complaint, Plaintiff did not owe money to DNF Associates, LLC.

123.    As such, Defendants' allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

124.    Defendants' allegation that Plaintiff owed money to DNF Associates, LLC is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

125.    Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

126.    Defendants' allegation that Plaintiff owed money to DNF Associates, LLC is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

127.    Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

128.    Defendants' allegation that Plaintiff owed money to DNF Associates, LLC is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

129.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

130.    Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

131.    Plaintiff seeks to certify a class of:

> i. All consumers where DNF Associates, LLC sent information concerning the consumer's debt to Consumer Adjustment Company, Inc. without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

> ii. All consumers where Consumer Adjustment Company, Inc. sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

132.    This action seeks a finding that Defendants' conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

133.    The Class consists of more than thirty-five persons.

134.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

135.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants

14

have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

136.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

137.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a.  Certifying this action as a class action; and

b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c.  Finding Defendants' actions violate the FDCPA; and

d.  Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e.  Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f.  Awarding the costs of this action to Plaintiff; and

g.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h.  Such other and further relief that the Court determines is just and proper.

DATED: May 7, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By:  s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21178
*Attorneys for Plaintiff*

